# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHANIE PIAZZA,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:11-2130 |
| v. | : | (JUDGE MANNION)[1] |
| **JOSEPH LAKKIS,** | : | |
| Defendant | : | |
| | : | |

## **MEMORANDUM**[2]

Presently before the court is the defendant's motion to dismiss Count II of the plaintiff's amended complaint, (Doc. No. 26). The defendant seeks dismissal of the plaintiff's claim of malicious prosecution. Finding that the plaintiff has failed to plead that the defendant was the proximate cause of any alleged deprivation of liberty, the motion will be **GRANTED**.

---

[1] This case was originally assigned to the Honorable A. Richard Caputo. Pursuant to the verbal order dated January 7, 2013, the case has been reassigned to the undersigned.

[2] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

## I. BACKGROUND

The allegations in the instant matter stem from a July 2010 incident in which the plaintiff alleges that the defendant, a Pennsylvania State Trooper, abused her, refused to give her proper medical treatment and filed false charges against her after she protested what she believed to be an improper traffic stop. Though the narrative account of the incident is no doubt critical to the case as a whole, the facts relevant to the disposition of the plaintiff's malicious prosecution claim can be stated far more succinctly.

After the July 11, 2010 incident, the plaintiff was charged with resisting arrest, obstructing administration of law and disorderly conduct in addition to vehicle code summary offenses for failure to use a restraint system, driving without a license and failure to obey authorized persons directing traffic. (Doc. No. 25, ¶¶54-55). On September 24, 2010 the charges of obstructing administration of law and failure to use a restraint system were dismissed following preliminary objections. (Id. ¶59). The remaining charges were held over for court.

On December 3, 2010, the plaintiff was scheduled for a Formal Arraignment on the remaining charges. (Doc. No. 26, Att. 4). The plaintiff failed to appear and on December 8, 2010 and bench warrant was issued for her arrest. (Doc. No. 26, Att. 3). On December 12, 2010, pursuant to the bench warrant, the plaintiff was lodged in the Luzerne County Correctional

Facility ("LCCF"). In a petition to lift capias, reinstate bail and vacate any forfeiture, dated December 13, 2010, the plaintiff asserted that she received notice of the hearing but believed it was not necessary to appear. (Doc. No. 26, Att. 5). The plaintiff did not file a waiver of arraignment "due to an error in counsel's office." (Id.). The plaintiff's amended complaint does not assert how long she spent in jail, but a review of the Court of Common Plea's docket in the plaintiff's underlying case, Docket No. CP-40-CR-0002928-2010, indicates that the bench warrant was lifted on December 13, 2010.

On August 29, 2011, the plaintiff pled guilty to driving without a license and failure to obey authorized persons directing traffic; the criminal charges for resisting arrest and disorderly conduct were withdrawn.

## II. PROCEDURAL HISTORY

The plaintiff filed her initial complaint on November 14, 2011, (Doc. No. 1). The defendant filed a motion to dismiss the complaint on January 16, 2012, (Doc. No. 9), and a brief in support on January 30, 2012, (Doc. No. 12). On March 13, 2012, after extensions of time had been granted, the plaintiff filed a brief in response, (Doc. No. 19). On March 30, 2012, the defendant filed a brief in rely, (Doc. No. 20), and an appendix of exhibits, (Doc. No. 21). On June 5, 2012, Judge Caputo issued a memorandum and order granting the motion in part and denying it in part, (Docs. No. 22, 23). With respect to

3

the plaintiff's malicious prosecution claim, the court dismissed the claim but gave the plaintiff an opportunity to amend her complaint. The court specifically instructed the plaintiff to ensure that her amended pleading sufficiently allege that the defendant maliciously initiated the legal proceedings against her and that it specifically articulate a deprivation of liberty pursuant to legal process.

On June 14, 2012 the plaintiff filed her amended complaint, (Doc. No. 25). On June 27, 2012, the defendant filed the instant motion to dismiss Count II of the plaintiff's amended complaint, (Doc. No. 26). On July 11, 2012, the defendant filed a brief in support, (Doc. No. 27). On July, 20, 2012, the plaintiff filed a brief in opposition, (Doc. No. 28).

### III. STANDARD OF REVIEW

The defendant's motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language

4

found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the

5

court may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

**IV.    DISCUSSION**

The defendant's motion asserts that the plaintiff's claim of malicious prosecution fails because she cannot show that the defendant was the proximate cause of her deprivation of liberty. The defendant argues that it was the plaintiff's failure to appear, and not the charges brought against her, that precipitated the bench warrant and her subsequent lodging at the LCCF.

As Judge Caputo explained in his memorandum, a claim of malicious prosecution requires a showing that: "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir.2003)).

Pursuant to Judge Caputo's memorandum and order, the plaintiff's amended complaint asserts that the plaintiff maliciously filed criminal charges

6

against her without probable cause and that a cognizable seizure occurred after proceedings were initiated when she was lodged at the LCCF. (Doc. No. 25 ¶ ¶ 70-71). Judge Caputo's had previously determined that the plaintiff's allegations were sufficient to show that the proceedings had been terminated in her favor, despite her guilty plea to the traffic violations.

Nevertheless, in addition to the elements above, the Third Circuit Court of Appeals has held that "[i]t is axiomatic that '[a] §1983 action...employs the principle of proximate causation.'" *Burnsworth v. PC Lab.*, 364 F. App'x 772, 775 (3d Cir. 2010) (citing *Hedges v. Musco*, 204 F.3d 109, 121 (3d Cir. 2000)). Therefore, despite the plaintiff's facially sufficient pleadings with respect to each express element, she must also demonstrate that the defendant caused, in the proximate or legal sense of the term, the deprivation. The defendant asserts that the plaintiff's alleged deprivation, her lodging at the LCCF, occurred because she failed to appear and was not the result of any conduct by the defendant. The plaintiff argues that her entire interaction with the court system is attributable to the defendant's malicious charges and therefore he is the cause of her deprivation.

Generally, "[a] §1983 action, like its state tort analogs, employs the principle of proximate causation." *Hedges v. Musco*, 204 F.3d 109, 121 (3d Cir. 2000)(citation omitted). Similarly, in tort, "[p]roximate cause is a question of law to be determined by the court before the issue of actual cause may be

7

put to the jury" and involves "whether the injury would have been foreseen by an ordinary person as the natural and probable outcome of the act complained of." *Milesco v. Norfolk S. Corp.*, 1:09-CV-1233, 2010 WL 55331 (M.D. Pa. Jan. 5, 2010)(citing *Lux c. Gerald E. Ort Trucking, Inc.*, 887 A.2d 1281, 1287 (Pa.Super.Ct.2005)).

In the specific context of §1983 cases, the Third Circuit Court of Appeals has held that "[t]o establish the necessary causation, a plaintiff must demonstrate a 'plausible nexus' or 'affirmative link' between the [defendant's action] and the specific deprivation of constitutional rights at issue." *Hedges v. Musco*, 204 F.3d 109, 121 (3d Cir. 2000)(citing *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir.1990) (citation omitted)). More recently, the Third Circuit evaluated an alternative understanding of proximate causation in §1983 cases under which a defendant may be liable for "setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Burnsworth v. PC Lab.*, 364 F. App'x 772, 775 (3d Cir. 2010)(citing *McCleester v. Mackel*, No. 06-120J, 2008 WL 821531, at *12 (W.D.Pa. Mar.27, 2008)).

In *Burnsworth*, the Third Circuit examined a decision from the Western District of Pennsylvania that applied the "setting in motion" theory of proximate causation. *Id.* at 775. The Court of Appeals noted that the Third Circuit had not yet adopted this test, though several other Circuit Courts of Appeals had.

*Id.* Ultimately, the Court of Appeals determined that the plaintiff's case failed to meet both the tort-based test as well as the "setting in motion" test and declined to adopt the new test. *Id.* In *[Burnsworth](#)*, the Third Circuit affirmed that a defendant State Trooper was not the proximate cause of the plaintiff's constitutional deprivation when he improperly took blood samples after a motor vehicle accident which another State Trooper eventually submitted for drug testing. *[Id.](#)* at 775-77.

This court similarly finds that the plaintiff's claim fails to satisfy either of the two possible proximate causation tests. There is no allegation made that the defendant was personally or directly involved in the plaintiff's failure to appear. Therefore, any claim that he "caused" her to be lodged at the LCCF, must arise from some attenuated theory of causation. Under either the tort-based plausible nexus test or the "setting in motion" test, the plaintiff's negligence in failing to appear acts as a superceding cause. Regardless of whether the plaintiff's failure to appear is due to her negligence or that of her attorney for failing to file a waiver of arraignment, the issuance of the bench warrant was a direct result of her failure to appear. There is no allegation, nor could there be, that a issuance of a warrant by a judge in whose court the plaintiff undisputedly failed to appear is somehow a continuing malicious act by the defendant. Therefore the plaintiff's own negligence severs the necessary nexus between the acts of the defendant and her deprivation. Even

under *Burnsworth*, where the court found no proximate cause existed under either theory, the entire causal chain was comprised of state actors and their agents. Here, the introduction of the plaintiff's own negligence must stop any causal progression that the defendant's actions are said to have set in motion.

## V. CONCLUSION

The court finds, as a matter of law, that the plaintiff has failed to plead, and will be unable to establish, that the defendant was the proximate cause of her deprivation. As such, the plaintiff's claim for malicious prosecution cannot be sustained. Therefore, the plaintiff's motion to dismiss will be **GRANTED**.

*Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: February 4, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2011MEMORANDA\11-2130-01.wpd